UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NIAM MANN, | Civil Action No. 17-6141 (MCA) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| ERIC TAYLOR, et al., | |
| Respondents. | |

This matter having been opened by Petitioner's Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1). Petitioner's habeas Petition was submitted by counsel and was docketed on August 15, 2017. (*Id.*) The Petition states that Petitioner was previously detained for more than six months under a final order of removal and was released from Immigration and Customs Enforcement ("ICE") custody in 2009. (ECF No. 1, Pet. at ¶¶ 5-6.) Petitioner alleges that he has been cooperating with the Pakistani consulate to obtain a travel document to Pakistan. (*Id.* at ¶ 8.) Petitioner was recently taken into custody by ICE on July 20, 2017. (*Id.* at ¶ 9.) Petitioner alleges ICE did not have a travel document when they took him into custody and that his removal is not imminent.[1] (*Id.* at ¶¶ 10-12, 15.)

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v.*

---

[1] Petitioner also alleges he has health problems and appears to allege that he is receiving inadequate medical care at Hudson County Correctional Center. (*Id.* at ¶¶ 13-14.) Although denial of adequate medical care may form the basis for an action under 42 U.S.C. § 1983, it may not form the basis for a habeas claim under 28 U.S.C. § 2241.

1

*Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b). Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856.

The Court has examined the Petition and determined that dismissal prior to submission of an answer and the record is not warranted.

**IT IS THEREFORE**, on this 30 day of Aug, 2017,

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal prior to submission of an answer and the record is not warranted; the Court, however, directs the Clerk of the Court to dismiss all non-warden Respondents from the case; and it is further

**ORDERED** that the Clerk of the Court shall serve copies of the Petition and this Order upon Eric Taylor, by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** that, within 45 days after the date of entry of this Order, Respondent shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis; and it is further

**ORDERED** that Respondent shall raise by way of the answer any appropriate defenses which Respondent wishes to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondent shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

**ORDERED** that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"; and it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 30 days after the answer is filed; and it is further

**ORDERED** that, within 7 days after any change in Petitioner's custody or immigration status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court; and it is further

**ORDERED** that the Clerk of the Court shall serve this Order on Petitioner by regular mail.

*[signature]*
Madeline Cox Arleo, District Judge
United States District Court